United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
APPROXIMATELY 15,602 ETHER (ETH) AND .16 BITCOIN (BTC) SEIZED BY LAW ENFORCEMENT ON OR ABOUT DECEMBER 14, 2017, et al.,
Defendants.

Case No. 20-cv-06482-CRB

**ORDER GRANTING MOTION TO STRIKE CLAIMS**

The Government seized cryptocurrency ("Defendant Property") stolen by Daniel Potekhin and Dmitrii Karasavide as part of their scam targeting cryptocurrency exchanges. Compl. (dkt. 1) ¶ 1. The Government subsequently initiated this in rem forfeiture action on September 16, 2020. See id. On September 22, 2020, the Government filed a Notice of Forfeiture Action notifying all those with an interest in the Defendant Property to file a claim with the Clerk of Court. Notice of Forfeiture (dkt. 5). This notice included the requisite filing deadlines and details. See id. at 2. The Government also sent direct notice via email on February 14, 2022. Beausey Decl. (dkt. 24-1) ¶ 2. Any interested claimants had until March 24, 2022 to file claims.

Three claimants filed. Only one was filed properly and on time. Anil Ergezer filed a claim on March 14, 2022. Ergezer Claim (dkt. 18). Jani Jovan filed his claim late on May 5, 2022. Jovan Claim (dkt. 19). His envelope was postmarked on April 28, 2022. Beausey Decl. ¶ 3. And Izuru Shingyouchi did not file his claim with the Court. He sent his claim to the Government by mail on March 18, 2022, and via email on March 23.

DiBari Decl. (dkt. 32-1) ¶ 4; Shingyouchi Claim (dkt. 20).

The Government seeks to strike each claim, primarily arguing that none of the claimants has demonstrated constitutional standing. Mot. (dkt. 24). Only Shingyouchi filed an opposition. Opp'n (dkt. 32). The Court agrees with the Government and **GRANTS** the motion.[1]

For starters, Ergezer and Jovan lack Article III standing because they do not explain their interest in the Defendant Property. For forfeiture actions, claimants must demonstrate Article III standing by showing that they have a "sufficient interest in the property to create a case or controversy." United States v. Real Property Located At 5208 Los Franciscos Way, Los Angeles, Cal., 385 F.3d 1187, 1191 (9th Cir.2004). "The claimant's burden under Article III is not a heavy one; the claimant need demonstrate only a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." Id. Ergezer and Jovan fail to meet their burden. Ergezer merely shows that he was a victim of the scam and lost 14.2 Ethereum. See Ergezer Claim. He does not tie his Ethereum to the Defendant Property specifically. Likewise, Jovan only states that he had 18,533 ENJ tokens stolen from him. Jovan Claim at 1. His lost property is not linked to the Defendant Property because the Government never seized any ENJ tokens. Mot. at 8.

Just like the other two claimants, Shingyouchi failed to demonstrate Article III standing for his claim. He only described his loss of 1.969 Bitcoin from his wallet on Binance. Shingyouchi Claim at 5. It is only now—years later—that Shingyouchi attempts to remedy his standing defect. Along with his opposition, Shingyouchi includes a report by John Powers, a cryptocurrency forensics expert, that describes a tracing analysis of Shingyouchi's stolen Bitcoin. Powers Report (DiBari Decl., Ex. 4). But this report does not change the Court's standing analysis. Powers expressly states that his report did not involve an "opinion regarding the ultimate legal ownership of the defendant property or

United States District Court
Northern District of California

[1] The Court presumes familiarity with the factual background and applicable law. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for resolution without oral argument.

United States District Court
Northern District of California

the merits of any claim asserted in the related forfeiture proceedings." Id. at 12. Powers did "not opine on whether Mr. Shingyouchi possesses a legally cognizable ownership interest in any property seized by the United States." Id. He simply concludes that Shingyouchi's stolen Bitcoin was deposited to an account publicly attributed to Potekhin. Id. at 11. He clarifies that it "is not presently known, based on review of the available records, whether, or to what extent, the Potekhin attributed Binance.com account" is related to the account seized by the Government. Id. Accordingly, Shingyouchi's claim remains deficient.

For the foregoing reasons, the Court **GRANTS** the Government's motion to strike. This does not mean that the claimants will be empty-handed. They may still seek restitution through the remission process.

**IT IS SO ORDERED.**

Dated: August 6, 2026

CHARLES R. BREYER
United States District Judge